CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
MAY 17 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ANNIE LORRAINE BOTKIN, | ) |
| | ) Civil Action No. 5:10CV00018 |
| Appellant, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| DUPONT COMMUNITY | ) United States District Judge |
| CREDIT UNION, | ) |
| | ) |
| Appellee. | ) |

This case is presently before the court on an appeal from an order of the United States Bankruptcy Court for the Western District of Virginia. The appellant, Annie Lorraine Botkin, seeks review of the bankruptcy court's order denying her motion to avoid judicial lien under 11 U.S.C. § 522(f). For the following reasons, the order will be reversed.

## Background

The facts underlying the instant appeal are undisputed. Botkin owns residential property in Highland County, Virginia that has a current market value of $22,500. The property is encumbered by a purchase money deed of trust in favor of First and Citizens Bank, which secures an outstanding loan balance of approximately $24,124. The property is also subject to a $9,800 judicial lien in favor of the appellee, DuPont Community Credit Union (DuPont).

On August 13, 2009, Botkin filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. In conjunction with her bankruptcy filing, Botkin recorded a homestead deed in the Circuit Court of Highland County, pursuant to Virginia Code § 34-4, in which she claimed homestead exemptions against her anticipated tax refunds and her bank account balances, totaling $2,723. Although Botkin had $2,777 in unused homestead

exemptions, she did not claim an exemption for any portion of her residential property, since she had no equity in the property against which to assert an exemption.[1]

On October 29, 2009, Botkin filed a motion to avoid DuPont's judicial lien, and the motion was scheduled for a hearing on December 2, 2009. Because DuPont failed to file a response to the motion by the deadline set forth by the bankruptcy court, Botkin submitted a default judgment order. Rather than entering the default judgment order or proceeding with the scheduled hearing, the bankruptcy court entered an order denying Botkin's motion on December 1, 2009. The bankruptcy court held that Botkin was not entitled to avoid DuPont's judicial lien under 11 U.S.C. § 522(f), since she had not claimed an exemption in the residential property subject to the lien.

## Standard of Review

Botkin has now appealed from the order denying her motion to avoid judicial lien. Because the appeal turns on the interpretation of the Bankruptcy Code, it presents a question of law that is subject to de novo review by this court. In re Merry-Go-Round Enterprises v. Simon DeBartolo Group, 180 F.3d 149, 154 (4th Cir. 1999).

---

[1] Because Botkin had no equity in her residential property, there was no "value" upon which she could claim a homestead exemption under Virginia Code § 34-4. See In re Johnson, 179 B.R. 800, 805-806 (Bankr. E.D. Va. Jan. 26, 1995) (holding that no exemption exists where the debtor has no equity in the exempted property). Additionally, because the property is still subject to a debt for the purchase price, Virginia Code § 34-5 specifically precludes Botkin from claiming an exemption in the property. See Va. Code § 34-5 (stating that property exemptions cannot be claimed against debts "for the purchase price of such property or any part thereof"); see also In re Johnson, supra (holding that the debtor's "claimed exemptions are improper because they are for property, the purchase price of which has not been paid, and the property is subject to a debt for the purchase price").

2

## Discussion

Section 522(f) of the Bankruptcy Code was enacted in 1978 to promote a debtor's "post-petition fresh start." Kolich v. Antioch Laurel Veterinary Hosp., 328 F.3d 406, 410 (8th Cir. 2003). The statute allows a debtor to avoid the fixing of a judicial lien on an interest of the debtor in property "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section . . . ." 11 U.S.C. § 522(f). Under subsection (b) of § 522, a debtor may select between specific federal exemptions or the exemptions permitted under state law, unless the state restricts its debtors to the available state exemptions. 11 U.S.C. § 522(b). The Commonwealth of Virginia, like most states, has opted out of the federal exemption scheme and has restricted its debtors to the exemptions provided under state law.[2] In re Snow, 899 F.2d 337, 338 (4th Cir. 1990) (citing Va. Code § 34-3.1).

To aid in the determination of when a lien "impairs an exemption," for purposes of § 522(f), Congress amended the Bankruptcy Code in 1994 to add § 522(f)(2)(A). "Just as the pre-Amendment version of Section 522(f) instructed courts to determine whether avoiding the judicial lien at issue would entitle the debtor to an exemption, the amended statute advises courts to consider whether disregarding all the liens on the property would allow the debtor an

---

[2] One of the exemptions available to Virginia residents is a homestead exemption. Virginia Code § 34-4 provides that "[e]very householder shall be entitled, in addition to the property or estate exempt under [other statutory provisions], to hold exempt from creditor process arising out of a debt, real and personal property, or either, . . . including money and debts due the householder not exceeding $5,000 in value." Va. Code § 34-4. For individuals like Botkin, who have a dependent, the statute also permits a householder to claim as exempt real or personal property not exceeding $500 for each dependent. Id. To claim an exemption in real or personal property under Virginia Code § 34-4, the debtor must file a homestead deed that describes the items of property. See Va. Code §§ 34-6 and 34-14.

exemption." In re Higgins, 201 B.R. 965, 967 (Bankr. 9th Cir. June 21, 1996). Section 522(f)(2)(A) states as follows:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

In this case, it is undisputed that DuPont's lien on Botkin's residential property is a judicial lien. It is also undisputed that the judicial lien "impairs" the homestead exemption to which Botkin would have been entitled under Virginia Code § 34-4, since the sum of DuPont's lien, all other liens on the property, and the amount of the exemption that Botkin could claim if there were no liens on the property exceeds the value that Botkin's interest in the property would have in the absence of any liens. See 11 U.S.C. § 522(f)(2)(A). The appeal instead centers on whether Botkin is precluded from avoiding DuPont's lien on her residential property, since she did not actually claim an exemption in the property.

Neither the United States Court of Appeals for the Fourth Circuit nor any other appellate court has specifically addressed the issue of whether a debtor may avoid a judicial lien without claiming an exemption in the property subject to the lien. As indicated in the parties' briefs, lower courts have reached differing conclusions. Some courts have held that a debtor cannot avoid a judicial lien on property that is not set aside as exempt. In re Church, 2009 Bankr.

LEXIS 3589 (Bankr. D. Mass. Nov. 3, 2009); In re Grupp, 2009 Bankr. LEXIS 1311 (Bankr. N.D. Ind. Apr. 6, 2009); Swaim v. Kleven, 2004 U.S. Dist. LEXIS 29237 (N.D. Ind. Aug. 27, 2004); In re Berryhill, 254 B.R. 242 (Bankr. N.D. Ind. Sept. 21, 2000); In re Wall, 127 B.R. 353 (Bankr. E.D. Va. Jan. 11, 1991). In contrast, other courts have held that § 522(f) does not require that a debtor actually claim an exemption in the property subject to the judicial lien in order to take advantage of the lien avoidance provision. See In re Morais, 2009 Bankr. LEXIS 3014 (Bankr. D. Mass. Sept. 18, 2009); In re Powell, 399 B.R. 190 (Bankr. W.D. Tex. Nov. 6, 2008); In re Moreno, 352 B.R. 455 (Bankr. N.D. Ill. Sept. 20, 2006); In re Johnson, 53 B.R. 919 (Bankr. N.D. Ill. Oct. 18, 1995). Having carefully considered the applicable statute and the foregoing decisions, the court agrees with the latter line of cases, and concludes that claiming an actual exemption is unnecessary, particularly in a case such as this, where the debtor is specifically precluded from claiming an exemption under state law.

The United States Supreme Court has emphasized that, in construing the Bankruptcy Code, "the plain language of the Bankruptcy Code . . . is our determinant." Patterson v. Shumate, 504 U.S. 753, 757 (1992). Here, a plain reading of § 522(f) clearly favors the appellant. As previously stated, the statute only requires that the judicial lien impair an exemption to which the debtor "would have been entitled under subsection (b)," not one to which the debtor is entitled. 11 U.S.C. § 522(f)(1) (emphasis added). The phrase "would have been entitled," as the Supreme Court emphasized in Owen v. Owen, 500 U.S. 305 (1991), clearly "denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality." Owen, 500 U.S. at 311.

After Owen was decided, Congress amended § 522(f) in 1994 to add subsection (2)(A). That subsection includes the same type of hypothetical language. It focuses on "the amount of the exemption that the debtor <u>could</u> claim if there were no liens on the property," as opposed to the amount of the exemption actually claimed by the debtor. 11 U.S.C. § 522(f)(2)(A) (emphasis added). When considered in conjunction with § 522(f)(1), it is clear from the amendment that "the issue [of lien avoidance] starts with the inquiry of whether we are dealing with property the debtor would have been entitled to exempt [in the absence of any liens,] not whether the debtor has scheduled them as such."[3] In re Powell, 399 B.R. at 197.

To the extent that the statutory language leaves any room for doubt, the legislative history provides further support for the interpretation advanced by the appellant. The legislative reports accompanying the Bankruptcy Reform Act of 1978 do not indicate that the lien avoidance provision set forth in § 522(f) is limited to property that has been claimed as exempt by the debtor. Instead, the reports specifically state that "[a] debtor may avoid a judicial lien on <u>any property to the extent that the property could have been exempted in the absence of the lien</u> . . . ." H.R. Rep. No. 95-595 (1977) (emphasis added); <u>see</u> also S. Rep. No. 95-989 (1978).

Given the plain language of § 522(f) and its legislative history, and in light of the "fresh start" objectives of the Bankruptcy Code, the court concludes that § 522(f) does not require that a debtor actually claim an exemption in the property subject to a judicial lien. Instead, the statute only requires that the lien impair an exemption to which the debtor "would have been entitled under subsection (b)" in the absence of any liens. 11 U.S.C. § 522(f).

---

[3] The court notes that DuPont relies heavily on In re Wall, 127 B.R. 353 (Bankr. E.D. Va. 1991), to support its argument that the property subject to a judicial lien must be set aside as exempt in order to avoid the lien. That case was decided before § 522(f) was amended to include subsection (2)(A).

## Conclusion

For the foregoing reasons, the court concludes that the bankruptcy court erred in concluding that Botkin was not allowed to avoid a judicial lien on her residential property, since she had not claimed an exemption in the property. Accordingly, the decision of the bankruptcy court will be reversed and remanded for further proceedings consistent with this opinion.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 17th day of May, 2010.

_____
United States District Judge